## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| **DONALD R. LANEY,** | **CIVIL ACTION NO. 0:20-128-KKC** |
| **Plaintiff,** | |
| | |
| **v.** | **OPINION AND ORDER** |
| | |
| **KILOLO KIJAKAZI,** | |
| **ACTING COMMISSIONER OF SSA,** | |
| **Defendant.** | |

*** *** ***

Plaintiff Donald R. Laney brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Laney's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Laney has not engaged in substantial gainful activity since December 22, 2018. (Administrative Record ("AR") at 17.)

At step two, the ALJ determined that Laney suffers from the severe impairments of arthritis, degenerative disc disease, and bilateral knee osteoarthritis/degenerative joint disease status - post partial left knee replacement. (AR at 17.)

At step three, the ALJ found that Laney does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 19.)

Before proceeding to step four, the ALJ determined that Laney has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R. 404.1567(b) except:

- He can lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently;
- He can sit for six hours; stand for four hours; and walk for four hours in a workday, except walking and standing cannot exceed a total of six hours per workday. He should have no period of standing, sitting, or walking exceeding 30 consecutive minutes at a time;
- He can operate foot controls with the right foot frequently and with the left foot occasionally.
- He can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds;
- He can balance occasionally; stoop frequently; kneel less than occasionally; never crouch; and never crawl.
- He can work at unprotected heights occasionally; work around moving mechanical parts occasionally; and can operate a motor vehicle occasionally.
- He can work in wetness and weather frequently; in extreme cold occasionally; in extreme heat occasionally; and in vibration occasionally.

(AR at 19.)

At step four, the ALJ determined that Laney is unable to perform any past relevant work. (AR at 24-25.)

At step five, the ALJ determined that, considering the RFC described above and Laney's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Laney can perform and, thus, he is not disabled. (AR at 25-26.)

Laney argues that the ALJ erred in failing to give the opinion of his treating physician, Dr. Anna Patton, "controlling weight" without balancing the appropriate factors as required by the

2

"treating physician rule." New Social Security regulations, however, abrogated the treating

physician rule for claims that, like Laney's, were filed with the SSA after March 27, 201. *See* 20

C.F.R. § 1520c. The post-March 27, 2017 regulations provide that the Social Security

Administration "will not defer or give any specific evidentiary weight, including controlling

weight, to any medical opinion(s) or prior administrative medical finding(s), including those

from your medical sources." 20 C.F.R. § 404.1520c(a). Nevertheless, an ALJ must "articulate

how [he] considered the medical opinions and prior administrative medical findings" in

adjudicating a claim. 20 C.F.R. § 404.1520c(a). In doing so, the ALJ is required to explain how

he considered the supportability and consistency of a source's medical opinions, but generally is

not required to discuss other factors. 20 C.F.R. § 404.1520c(b)(2); *Jones v. Berryhill*, 392 F.

Supp. 3d 831, 839 (M.D. Tenn. 2019).  In a response brief, Laney argues this is incorrect.

However, the regulations specifically state that the SSA "will explain how we considered the

supportability and consistency factors for a medical source's medical opinions or prior

administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).

The regulation further specifically provides, "We may, but are not required to, explain how we

considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we

articulate how we consider medical opinions and prior administrative medical findings in your

case record." 20 C.F.R. § 404.1520c(b)(2).

  Both Dr. Patton and the ALJ determined that Laney could sit, stand, and walk for only

limited time periods. Both found that Lane could sit for only 30 minutes, but they differed

somewhat in how long Laney could consecutively walk or stand. Dr. Patton opined that he could

stand or walk for only 20 minutes before needing to sit. The ALJ found he could do so for 30

minutes consecutively. In rejecting Dr. Patton's standing/walking limitation, the ALJ found it

inconsistent with and unsupported by the medical examinations that found good strength in both knees and intact sensation. This complies with the new regulations. Moreover, as the ALJ noted, even though he rejected Dr. Patton's opinion, the ALJ calculated an RFC that allowed for limitations that "nearly comport" with the opinion.

Laney also argues that the ALJ erred in failing to assign any weight to the disability ratings of the Veterans Administration. The ALJ noted the ratings but stated it was not obligated to abide by them because the Social Security Administration evaluates disability in a different manner than the VA. This complies with the revised Social Security regulations, which provide that, decisions by other governmental agencies are "inherently neither valuable nor persuasive to the issue of whether you are disabled." Thus, "we will not provide any analysis about how we considered such evidence in our determination or decision." 20 C.F.R. § 404.1520b(c)(1).

In a response brief, Laney argues that the ALJ failed to consider the medical evidence underlying the VA's disability determination as required by 20 C.F.R. § 404.1520b(c)(1). As to what evidence the ALJ failed to consider, Laney points to only "VA medical records" generally. (DE 21, Response at 5.) This is incorrect. In developing the RFC, the ALJ considered treatment notes by the VA. (AR at 21, 22.)

In the response brief, Laney also argues that the treatment notes of Scott Orthopedic and Dr. Patton and of the non-examining state agency consultants Dr. Jon Demos and Dr. Eduardo Haim were consistent with his own testimony regarding his physical limitations. This Court cannot, however, reverse the ALJ "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter, Commissioner of Social Security*, 246 F.3d 762 (6th Cir.2001). If the ALJ's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v.*

4

*Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981). Accordingly, reversal is not warranted merely because some medical records are consistent with the claimant's testimony.

In his response brief, Laney argues that the ALJ failed to consider a letter written by Russell Montgomery, the Business Manager of the International Association of Bridge, Structural, and Ornamental Iron Workers (AR at 240.) It appears that Laney is a member of the union. However, pursuant to 20 C.F.R. § 416.920c, the ALJ is not required to articulate how he considered this information provided by a nonmedical source.

Laney seems to argue that the ALJ should have found that he would be "off task" ten percent or more of the workday on a continuous basis and that he would be required to miss work twice per month on a sustained basis. He points out that the vocational expert testified that a person with these limitations could not work.

In support of these limitations, Laney points to his own testimony that there are some days he "just can't function at all" and that nine times out of ten, when he puts clothes in the washing machine, he forgets to put them in the dryer. He also testified that he had difficulty remembering instructions from supervisors, had a horrible memory, and had problems with focus and concentration. In evaluating Laney's mental impairments, however, the ALJ determined they did not cause more than a minimal limitation in his ability to perform basic mental work activities. (AR at 18.) In support of that finding, the ALJ noted that multiple mental status exams found no deficiencies in understanding, remembering, or applying information or in concentrating, persisting, or maintaining pace. "The ALJ does not need to credit subjective complaints where there is no underlying medical basis for the complaint." *Bentley v. Comm'r of Soc. Sec.*, 23 F. App'x 434, 436 (6th Cir. 2001) (citing *Fraley v. Secretary of Health & Human Servs.*, 733 F.2d

5

437, 440 (6th Cir.1984)). "When there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its credibility findings for that of the ALJ." *Id*. (citing *Gooch v. Secretary of Health & Human Servs*., 833 F.2d 589, 592 (6th Cir.1987)). Because Laney's testimony about his mental impairments was not supported by the objective medical evidence in the record, the ALJ did not err in failing to include those limitations in his RFC. In his response brief, Laney argues that the ALJ incorrectly relied on the opinions of the non-examining state agency psychiatrist and psychologist regarding his mental impairments. However, he cites no medical evidence that would compel greater restrictions on his mental capacity to perform basic work functions.

Finally, Laney argues that neither the ALJ nor the vocational expert considered his age or prior work experience in determining whether he was unable to work. Social Security regulations provide special rules for person of advanced age. 20 C.F.R. §§ 404.1563(e); 404.1568(d)(4). The ALJ specifically noted, however, that Laney was 52, meaning he was "closely approaching advanced age." (AR at 25.) The ALJ also specifically considered Laney's age and his prior work experience in determining whether there were jobs that he could perform. (AR at 25.) The ALJ also specifically asked the vocational expert to consider Laney's age and prior work experience in determining whether jobs existed that he could perform. (AR at 60-61.)

For all these reasons, the Court hereby ORDERS as follows:

1) Laney's motion for summary judgment (DE 16) is DENIED;

2) the Commissioner's motion for summary judgment (DE 20) is GRANTED; and

3) a judgment consistent with this opinion will be entered.

This 27th day of September, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY